**ERWIN–NEWMAN COMPANY**

v.

**The UNITED STATES.**

**No. 181–63.**

United States Court of Claims.

April 19, 1968.

H. Struve Hensel, Washington, D. C., attorney of record, for plaintiff, Harry Cohen, New York City, of counsel.

Alfred B. Engelberg, Silver Spring, Md., with whom was Asst. Atty. Gen. Edwin L. Weisl, Jr., for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

## OPINION

PER CURIAM.

This case was referred to Trial Commissioner Donald E. Lane with directions to make findings of fact and recommendation for conclusions of law under the order of reference and Rule 57(a). The commissioner has done so in an opinion and report filed on September 21, 1967. Exceptions to the commissioner's report and opinion were filed by plaintiff, briefs were filed by the parties, and the case was submitted to the court on oral argument of counsel. Since the court is in agreement with the opinion, findings of fact, and recommended conclusion of law of the commissioner, as hereinafter set forth, it hereby adopts the same as the basis for its judgment in this case. Therefore, plaintiff is not entitled to recover, and the petition is dismissed.

## OPINION OF COMMISSIONER

LANE, Commissioner.

This is a patent suit under Title 28 U.S.C. § 1498, in which plaintiff seeks to recover reasonable and entire compensation for the alleged unauthorized use of a patented invention. Plaintiff alleges infringement of claims 1, 3, and 4 of U. S. Patent No. 2,687,102, hereafter referred to as the '102 patent, entitled "Truss Support" and owned by plaintiff. Notices under Rule 23(a) were served on defendant's behalf on six construction companies. None of these possible third-party defendants participated in the trial of the issues of patent validity and infringement.

The issues before the court are whether the patent claims in suit are valid and, if so, have they been infringed. It is found that patent claims 1, 3, and 4 of the '102 patent are invalid.

The defendant raises as a defense, among others, that the claimed invention was obvious to one having ordinary skill in the truss art at the time the invention was made and therefore unpatentable under Title 35 U.S.C. § 103. This court recently pointed out in Martin-Marietta Corp. v. United States, 373 F.2d 972, 179 Ct.Cl. 70 (1967), that application of § 103 involves several preliminary factual inquiries. These include determining:

1. The scope and content of the prior art;

2. Differences between the prior art and the claims at issue; and

3. The level of ordinary skill in the pertinent art.

The invention disclosed and claimed in the '102 patent relates to an essentially stationary structure for transmitting forces to a foundation or the ground. The structure includes a cantilever truss which is secured at its inner end to support means, and a rigid suspending member capable of taking tension and compression which extends from the support means to the truss at a point spaced from the inner end of the truss. In the '102 patent specification, the invention is described as particularly useful in aircraft hangar construction, and is said to have general utility in supporting

building roofs, bridge structures, and the like. Claim 1 of the '102 patent is set forth below in indented clauses to facilitate analysis.

### Patent Claim 1

In a structure,

(A) vertical supporting means,

(B) a truss secured at its inner end to said vertical supporting means and projecting outwardly therefrom, and

(C) means for suspending said truss from said vertical supporting means comprising

(C–1) rigid means capable of taking compression or tension disposed above said truss and secured to the latter at a point spaced from said inner end of the truss for opposing the turning moments of the truss in either of the two directions about the point of said securement of its inner end to said vertical supporting means,

(C–1a) said rigid means capable of taking tension or compression comprising a member secured to said vertical supporting means at a point spaced upwardly from the top of the truss at the inner end thereof and extending from said last mentioned point to said point of securement to the truss,

(B–1) said truss having a cantilever section projecting outwardly beyond said point at which said rigid means capable of taking tension or compression is secured to said truss.

A primary advantage of the claimed structure over ordinary cantilever structures is the relatively shallow depth for a given load-carrying capacity. This shallow truss results in lighter weight, lower steel costs for long roof trusses such as used in hangars, and ready portability because of the shallow depth. The length of cantilever trusses utilized in aircraft hangars generally requires trusses of over 12 feet in depth fabricated on the job site where an ordinary cantilever truss is used.

In further support of its invalidity defenses, defendant has introduced various examples of prior art structures utilizing a suspended cantilever member. Among the disclosures of structural applications for a suspended cantilever member cited were bridges, finding 19, semicantilever airplane wings, finding 20, and airplane hangars, findings 17, 21, 22, and 23. Bridges, buildings, and hangars are specifically mentioned in the '102 patent as applications for the disclosed structural system. Aircraft framework comprises an application which is related to the structures specifically mentioned in the patent. Disclosures in an art such as airframe design may be used in considering the question of obviousness of an invention in the structural art since the elements and purpose of airframe design are so related that they would make an impression on the mind of a skilled structural engineer. See Mandel Bros. v. Wallace, 335 U.S. 291, 69 S.Ct. 73, 93 L.Ed. 12 (1948).

Except for the McDonnell patent discussed in finding 20, which discloses a strut for a semicantilever aircraft wing, the prior art relied on by defendant does not explicitly suggest that a suspending member for a normally horizontal cantilever means should be capable of taking both tension and compression.

The differences which exist between plaintiff's claimed structure and prior art publications illustrating hangar designs are small. The French patent 747,560, discussed in finding 17, and the proposed designs published in The Federal Architect and Architectural Forum, discussed in findings 21 and 23, illustrate hangars which include the elements of the patent claims. Novelty in the asserted patent claims is limited to the recitation relative to capability of the rigid suspending member to take tension and compression.

The difference which exists between the claimed subject matter and the hangars of the prior art may best be seen

by comparing Fig. 1 of the '102 patent and the published drawing in the March 1952 issue of Architectural Forum, which are both reproduced herein. The Archi-

Patent 2,687,102

Architectural Forum, March 1952

---

tectural Forum drawing, a line drawing to scale, discloses a suspended cantilever truss system. The truss is relatively shallow (about 12 feet in depth) and projects outwardly from a central supporting tower. Attached to the truss at a point intermediate its ends and suspending it from the central support means is a member shown as a single line.

A line drawing such as that in the Architectural Forum publication indicates the manner in which space is enclosed by the structure and the relative disposition of the structural members. Given such a line drawing, a structural engineer can routinely design a structure for use in a particular environment. Sources such as building codes, design manuals, and engineering experience are used in selecting the design loading conditions. Routine stress analyses are made and members of the cantilever structure are sized according to the loads they have to carry. Use of a relatively heavy cantilever truss would result in designing the suspending member to take only tension. The concept of designing the suspending member to also resist compression where the deadweight is insufficient to overbalance an uplift caused by airflow is fairly disclosed in McDonnell patent 1,862,902, finding 20, which teaches the integration in a cantilever structure of a suspending member or a strut in an environment where the strut is designed to take compression. Significantly, McDonnell states that his suspended cantilever wing construction is strong and light in weight.

 It is concluded after considering the difference between the subject matter of the claims and the prior art, that the subject matter as a whole would have been obvious to a structural engineer of ordinary skill at the time the invention was made.

In view of the above determination of invalidity under § 103, it is not necessary to discuss defendant's alternate positions that the patent is invalid because (a) anticipated and (b) indefinite. It likewise is not necessary to discuss the question of patent infringement. Plaintiff's petition should be dismissed.